UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-0929 FMO (PVCx)                                  Date:  February 22, 2022

Title   Eric Malone v. Toyota Motor Sales

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:**   [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED FOR LACK OF JURISDICTION, OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM  (Dkt. No. 2)

On February 9, 2022, Plaintiff Eric Malone, a Pennsylvania resident proceeding *pro se*, filed a Complaint against Defendant Toyota Motor Sales seeking enforcement of an alleged arbitration award.  ("Compl.," Dkt. No. 1).[1]  Simultaneously with the Complaint, Plaintiff filed the instant request to proceed *in forma pauperis*.  (Dkt. No. 2). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987).  "An in forma pauperis complaint is frivolous if 'it had no arguable substance in law or fact.'" *Id.* (quoting *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)).  Here, Plaintiff's action may be frivolous because Plaintiff has not alleged sufficient facts to establish this Court's

---

[1] The pages of the Complaint are not consecutively numbered.  Accordingly, when citing to the Complaint, the Court will use the CM/ECF-generated page numbers on the Court's docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-0929 FMO (PVCx)                              Date:  February 22, 2022

Title       Eric Malone v. Toyota Motor Sales

jurisdiction, and even if Plaintiff is able to establish this Court's jurisdiction, the Complaint fails to state a claim.  Accordingly, for the reasons set forth below, Plaintiff is ORDERED TO SHOW CAUSE, within **fourteen days** of the date of this Order, why the Magistrate Judge should not recommend that his IFP application be denied and this matter summarily dismissed.

    A.    **Background Facts And Allegations**

Plaintiff asserts that Defendant sold him a defective vehicle in breach of the manufacturer's warranty.  (Compl. at 1).  According to Plaintiff, an arbitration was held in California on August 17, 2021 through the California Dispute Settlement Program, which is administered by the National Center for Dispute Settlement.  (*Id*.).  Plaintiff alleges that the arbitration resulted in a judgment favorable to him, which Defendant has not honored.  (*Id*.).  Plaintiff invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and Defendant is not a citizen of the same state as Plaintiff.  (*Id*. at 1-2).  Plaintiff contends that venue is proper because the transactions complained of took place in the Central District.  (Compl. at 2).

Although the Complaint purports to attach a copy of the arbitration award as "Exhibit A," (*see id*. at 2, 5), no exhibits were submitted with the Complaint.  As such, Plaintiff presents neither the parties' arbitration agreement nor the arbitration award itself as evidence of his entitlement.  The Complaint similarly does not disclose the amount of the alleged award or any other terms and conditions of the award.  The Complaint's sole cause of action, for breach of contract, seeks confirmation of the arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*.  (Compl. at 3-5).  Plaintiff seeks compensatory damages of "not less than $75,000.00," punitive damages of "not less than three to ten times the amount of compensatory damages," and "any and all other applicable relief."  (*Id*. at 5-6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | CV 22-0929 FMO (PVCx) | Date: February 22, 2022 |
| Title | Eric Malone v. Toyota Motor Sales | |

  **B.**  <u>**Criteria For Asserting An FAA Enforcement Claim**</u>

  Plaintiff brings this action under the FAA to confirm an alleged arbitration award. A federal court has power to confirm and enter judgment on an arbitration award where (1) independent federal jurisdiction exists, and (2) the parties have so provided in their agreement. A federal court has jurisdiction over a complaint invoking the FAA only "if the federal court would have jurisdiction over the underlying substantive dispute" without consideration of the FAA. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010); *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir. 1981) (applicants in federal district court seeking confirmation of an arbitration award under 9 U.S.C. § 9 must demonstrate independent grounds of federal subject matter jurisdiction irrespective of the FAA). To satisfy the second condition, the parties must have agreed that any eventual arbitration award would be subject to judicial confirmation. *See* 9 U.S.C. § 9 ("If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award[.]").

    **1.**  **Independent Grounds Of Federal Subject Matter Jurisdiction**

  As to step one of the inquiry -- the existence of independent grounds for federal jurisdiction -- it well established that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989). The burden to establish federal jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. Statutes conferring jurisdiction on federal courts must be strictly construed. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-0929 FMO (PVCx)                             Date:  February 22, 2022

Title        Eric Malone v. Toyota Motor Sales

The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings.  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).  Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court must dismiss an action if the Court lacks subject matter jurisdiction.

There are two statutory bases for federal subject matter jurisdiction:  federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  For federal question jurisdiction, § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  For diversity jurisdiction, § 1332(a) provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States."

        a.      Federal Question Jurisdiction Does Not Apply

Plaintiff's invocation of the FAA does not confer federal question jurisdiction, as Plaintiff appears to tacitly concede by invoking this Court's diversity jurisdiction.  The Supreme Court has explained:

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction.  It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise.

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32 (1983); *see also Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 882, 884 (9th Cir. 1993) (explaining that the Supreme Court "has unequivocally held that the [Federal Arbitration] Act 'does not create *any* independent federal-question jurisdiction.'") (emphasis in original; quoting *Southland Corp. v. Keating*, 465 U.S. 1, 15 n.9 (1984)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-0929 FMO (PVCx)                                       Date:  February 22, 2022

Title   Eric Malone v. Toyota Motor Sales

Therefore, because the "FAA is not a jurisdictional grant, . . . federal courts may only hear claims under the Act when there is an independent basis for federal jurisdiction." *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1103 n.4 (9th Cir. 2003). Accordingly, the Court does not have federal question jurisdiction under § 1331 through the invocation of the FAA.

                b.        Plaintiff Has Not Clearly Established Diversity Jurisdiction

Diversity jurisdiction requires that the amount in controversy exceed $75,000.00. 28 U.S.C. § 1332(a).  If the amount-in-controversy requirement is met, the diversity statute provides for district court jurisdiction over actions between "(1) citizens of different States; (2) citizens of a State and citizens subjects of a foreign state; (3) citizens of different states in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff, and citizens of a State or of different States." *Id*.

For purposes of diversity jurisdiction, a person is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *see also Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (diversity jurisdiction is determined at the time the complaint is filed and when the action is removed).  "A person is 'domiciled' in a location where he or she has established a fixed habitation or abode of a particular place, and [intends] to remain there permanently and/or indefinitely." *Lew*, 797 F.2d at 749-50.

"A corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  In the Ninth Circuit, "where a majority of a corporation's business activity takes place in one state, that state is the corporation's principal place of business, even if the corporate headquarters are located in a different state." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990).  However, "when no state contains a substantial predominance of the corporation's business activities," the "nerve center" test applies. *Id*.  Under the "nerve center" test, a corporation's principal place of business is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-0929 FMO (PVCx)                                           Date:  February 22, 2022

Title        Eric Malone v. Toyota Motor Sales

the state in which "its executive and administrative functions are performed."  *Id*. at 1092.

"The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction."  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016).  Therefore, "[t]he essential elements of diversity jurisdiction . . . must be affirmatively alleged in the pleadings."  *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (internal quotation marks and citation omitted).

Here, the Complaint fails to identify Plaintiff's address.  (Compl. at 2).  However, based solely on Plaintiff's address of record, Plaintiff appears to reside in Pennsylvania. While it is possible that Plaintiff was "domiciled" in Pennsylvania at the time he filed this action, meaning that he has a fixed habitation and intends to remain in that state indefinitely or permanently, Plaintiff does not allege any facts to support that he is a "citizen" of Pennsylvania for diversity jurisdiction purposes.  Similarly, Plaintiff does not allege any facts identifying Defendant's citizenship in the Complaint.  (S*ee id.*). However, the summons accompanying the Complaint indicates that Defendant's headquarters are in Plano, Texas.  (*See* Dkt. No. 1-1).  Even if that is accurate, a corporation is a citizen of not only the state where it has its principal place of business, but also where it is incorporated.  Therefore, even if Defendant's principal place of business is in Texas, without more information about Defendant's state of incorporation, it is not clear from the Complaint that there is complete geographical diversity between the parties.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) ("[D]iversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant.").

However, even assuming, without deciding, that Plaintiff can establish complete diversity of citizenship, Plaintiff has not clearly alleged facts establishing that the amount in controversy exceeds $75,000.00.  Where possible, the amount in controversy is determined from the allegations of the complaint.  *See Sky-Med, Inc. v. Fed. Aviation*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-0929 FMO (PVCx)                              Date:  February 22, 2022

Title      Eric Malone v. Toyota Motor Sales

*Admin.*, 965 F.3d 960, 965 (9th Cir. 2020) ("[W]e generally calculate the amount in controversy by examining the face of the well-pleaded complaint."); *see also Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself."). However, "'the sum claimed by the plaintiff controls [only] if the claim is apparently made in good faith.'" *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Bald allegations of damage amounts unsupported by evidence are "not conclusive." *Welsh v. New Hampshire Ins. Co.*, 843 F. Supp. 2d 1006, 1009 (D. Ariz. 2012); *see also Parker v. U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust*, 2020 WL 7479633, at *2 (C.D. Cal. Dec. 18, 2020) (a "facially implausible" damages claim in a complaint "does not satisfy the amount in controversy requirement" for diversity jurisdiction). If "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount," diversity jurisdiction cannot be maintained. S*t. Paul Mercury Indem. Co.*, 303 U.S. at 289; *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996).

Potential punitive damages may also be part of the amount in controversy when they are recoverable as a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001). However, when the amount in controversy depends largely on alleged punitive damages, the court "will scrutinize a claim . . . more closely than a claim for actual damages to ensure Congress's limits on diversity jurisdiction are properly observed." *McCorkindale v. American Home Assurance Co.*, 909 F. Supp. 646, 655 (N.D. Iowa 1995). "[T]he mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004). Where the availability or typical size of a punitive damages award is in doubt, the party seeking to invoke the Court's diversity jurisdiction "must present evidence that punitive damages will more likely than not exceed the amount needed to increase the amount in controversy to $75,000." *Id.*; *see also McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-0929 FMO (PVCx)                                      Date:  February 22, 2022

Title        Eric Malone v. Toyota Motor Sales

(action did not meet requisite amount-in-controversy where punitive damages in the amount necessary to satisfy § 1332(a) were "unlikely" and the party seeking the court's diversity jurisdiction failed to provide evidence of punitive damages awards in similar cases).

    Plaintiff alleges that he purchased a defective vehicle from Defendant and was awarded some undisclosed amount in arbitration.  Because Plaintiff does not attach a copy of the arbitration award, or even allege the amount of the award, the Court is unable to test the potential validity of Plaintiff's claim that he is entitled to *compensatory* damages in excess of $75,000.00 in this enforcement action.  (*See* Compl. at 5).  However, the Court notes as a matter of common knowledge that Defendant's vehicles do not normally sell for $75,000.00, so even if the arbitrator awarded the full replacement cost of the vehicle, absent other damages, it would appear unlikely that Plaintiff would be able to reach the $75,000.00 diversity jurisdiction threshold through compensatory damages alone.  While punitive damages may contribute to the amount in controversy, it is also unclear how much Plaintiff must rely on punitive damages to reach that amount.  Plaintiff additionally does not disclose whether he was awarded punitive damages by the arbitrator (if the arbitrator was authorized to award punitive damages), or present evidence of typical punitive damages awards in similar FAA enforcement cases.  Without further information, the Court is unable to assess the validity of Plaintiff's invocation of the Court's diversity jurisdiction.  Plaintiff's response to this Order must properly allege the parties' citizenship and provide evidence establishing the true amount in controversy.

        2.        **The Parties' Agreement To Arbitrate And For Judicial Enforcement Of The Arbitration Award**

    As to the second requirement for confirming an arbitration award -- that the parties agree a federal court has power to confirm and enter judgment on an arbitration award -- the Ninth Circuit instructs that "confirmation of an arbitration award is appropriate only where the parties 'in their agreement have agreed that a judgment of the court shall be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-0929 FMO (PVCx)                                                      Date:  February 22, 2022

Title         Eric Malone v. Toyota Motor Sales

entered upon the award.'" *Com. Enterprises v. Liberty Mut. Ins. Co.*, 958 F.2d 376 (9th Cir. 1992) (quoting *Varley v. Tarrytown Associates, Inc.*, 477 F.2d 208, 210 (2nd. Cir. 1973), and citing *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 705 (2nd Cir.1985)).  However, "most courts have held that the power to confirm the arbitration award need not be expressly conferred by the parties in the agreement.  Instead, a provision that the arbitrator's award shall be binding on the parties impliedly confers power on a court to enter judgment thereon." *Stater Bros. Markets v. Int'l Bhd. of Teamsters, Loc. No. 63, On Behalf of Massey*, 2014 WL 12561594, at *2 (C.D. Cal. Dec. 3, 2014) (citing, *inter alia*, *Milwaukee Typo. Union No. 23 v. Newspapers, Inc.*, 639 F.2d 386, 389 (7th Cir. 1981); *Speciality Healthcare Mgmt., Inc. v. St. Mary Parish Hosp.*, 220 F.3d 650, 652 n.1 (5th Cir. 2000); *Idea Nuova, Inc. v. GM Licensing Grp., Inc.*, 617 F.3d 177, 180-82 (2nd Cir. 2010)); *but see PVI, Inc. v. Ratiopharm GmbH*, 135 F.3d 1252, 1253-54 (8th Cir. 1998) (holding that an agreement for enforcement must be explicit).

Here, even if Plaintiff had established that this Court has an independent basis for jurisdiction over this matter, he has not adequately established the existence of an agreement between the parties to be bound by arbitration and authorizing judicial enforcement of the award, whether express or implied.  Additionally, he has submitted no evidence that an arbitration award actually exists.  "A Plaintiff seeking the confirmation of a foreign arbitral award satisfies its burden by submitting copies of (1) the award and (2) the agreement to arbitrate." *Pharmaniaga Berhad v. E*HealthLine.com, Inc.*, 344 F. Supp. 3d 1136, 1141 (E.D. Cal. 2018), appeal dismissed sub nom. *Pharmaniaga Berhad v. EHealthLine.com, Inc.*, 2018 WL 6918873 (9th Cir. Dec. 21, 2018).  Although Plaintiff *alleges* that such an agreement and award exist, he did not attach them to the Complaint.  As such, Plaintiff has failed to adequately establish the essential elements of an FAA enforcement claim.  Plaintiff's response to this Order must attach proof of an agreement to arbitrate and the issuance of an award.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-0929 FMO (PVCx)                                          Date:  February 22, 2022

Title          Eric Malone v. Toyota Motor Sales

**ORDER**

      Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, within **fourteen days** of this Order, why the Magistrate Judge should not recommend that Plaintiff's request to proceed *in forma pauperis* be denied for lack of jurisdiction, or, alternatively, for failure to state a claim.  Plaintiff may discharge this order by filing a declaration, under oath, that (1) identifies the Court's independent basis for jurisdiction in this matter, (2) attaches a copy of the parties' agreement to be bound by arbitration, and (3) attaches a copy of the arbitration award Plaintiff seeks to enforce.  Alternatively, Plaintiff may respond to this Order by filing a First Amended Complaint correcting the deficiencies addressed above.

      **Plaintiff is expressly cautioned that the failure to respond to this Order by the Court's deadline will result in a recommendation that Plaintiff's *in forma pauperis* application be denied for lack of jurisdiction, or, in the alternative, for failure to state a claim.**  Alternatively, instead of responding to this order with a declaration or by filing a First Amended Complaint, Plaintiff may voluntarily dismiss this action without prejudice under Federal Rule of Civil Procedure 41(a).  **A blank form Notice of Dismissal is attached for Plaintiff's convenience.**

      IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |