FILED
CLERK, U.S. DISTRICT COURT

March 10, 2022

CENTRAL DISTRICT OF CALIFORNIA
BY: ____MR____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

**ERIC RAY MALONE :**
    **PLAINTIFF**
        **VS.**                            Case No: 2:22-cv-00929-FMO-PVC
    **TOYOTA MOTOR SALES :**
    **DEFENDANT**

## COMPLAINT AT LAW

AND NOW, comes the Plaintiff, Eric Malone, by and through himself, *pro se,* to file the instant complaint, and in support thereof avers as follows;

1. This is a civil action initiated by the Plaintiff against the Defendant to confirm an arbitration award entered in favor of the Plaintiff with regards to the sale of a defective vehicle in direct breach of a manufacturer warranty thereby giving rise to the instant claim. 2. Arbitration was held on August 17, 2021 which was administered by Mark T. Risner from the California Dispute Settlement Program (Administered by the National Center for Dispute Settlement) which is the subject of the instant action to confirm arbitration award. 3. The arbitration resulted in a judgment in favor of the Plaintiff that has not been honored by the Defendant which has resulted in the instant action to enforce.

4. The Plaintiff is seeking the appropriate award of damages for the breaches complained of herein, as well as compensation for the costs and effort associated with pursuing the instant legal matter.

## JURISDICTION AND VENUE

5. Jurisdiction in this Court exists pursuant to the 28 U.S.C. § 1332 where a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

6. Venue is proper as the transactions complained of have taken place in the instant district.

**PARTIES**

7. PLAINTIFF - Eric Ray Malone - Plaintiff in the instant matter with an address of 66334 5th Street, Desert Hot Springs, CA 92240.

8. DEFENDANT - Toyota Motor Sales - Defendant in the instant matter with an address of **6565 Headquarters Dr APT W1-3C Plano, TX, 75024-5965** United States.

**STATEMENT OF FACT**

10. The vehicle the Plaintiff purchased was defective upon purchase thereby entitling the Plaintiff to compensation for the same.

11. Arbitration was held on August 17, 2021 which was administered by Mark T. Risner from the California Dispute Settlement Program (Administered by the National Center for Dispute Settlement) and resulted in a finding in favor of the Plaintiff which is the subject of the instant action to confirm arbitration award. A copy of the findings of arbitration is attached herein and


referenced as Exhibit A.

12. The Arbitration resulted in a judgment in favor of the Plaintiff that has not been honored by the Defendant which has resulted in the instant action to enforce.

13. The Plaintiff is seeking the appropriate award of damages for the breaches complained of herein as well as compensation for the costs and effort associated with pursuing the instant legal matter.

14. The Plaintiff is also seeking compensation for the willful and intentional delay of the instant matter by the Defendant in complete breach of their obligations to the Plaintiff.

## COUNT I - BREACH OF CONTRACT
### (Confirmation of Arbitration Award)

15. The Plaintiff hereby references and incorporates paragraphs 1-18, as if fully set forth herein at length.

16. Chapter 1 of the FAA broadly governs the enforcement of arbitral awards rendered pursuant to a written contract that evidences a transaction involving interstate or foreign commerce or maritime transactions (9 U.S.C. §§ 1, 2; see also Practice Note, Understanding the Federal Arbitration Act (http://us.practicallaw.com/0-500-9284)). For the FAA to apply to enforcement of an arbitral award, the parties to the arbitration agreement need not have intended interstate activity when they entered the contract, nor must the dispute arise from the part of the transaction that involved interstate commerce (see Shepard v. Edward Mackay Enters., Inc., 56 Cal. Rptr. 3d 326, 332 (Ct. App. 2007)). Some courts, including courts in California, interpret section 9 of the FAA as requiring that the parties consent to judicial confirmation in their arbitration agreement

(see 9 U.S.C. § 9; Commonwealth Enterprises v. Liberty Mut. Ins. Co., 958 F.2d 376, *2 (9th Cir. 1992) (unpublished); Swissmex-Rapid S.A. de C.V. v. SP Sys., LLC, 151 Cal. Rptr. 3d 229, 235 (Ct. App. 2012), as modified (Jan. 4, 2013) (noting that "[u]nlike the CAA [. . .] the FAA provides for judicial confirmation of arbitral awards only upon consent of the parties (9 U.S.C. § 9)")). However, several courts have held that specific consent language is unnecessary because parties to an arbitration implicitly consent to judicial confirmation (see Booth v. Hume Pub., Inc., 902 F.2d 925 (11th Cir. 1990) (holding provision in agreement that arbitrator's determination would be final and binding, along with both parties' participation in the arbitration process was sufficient under FAA to confer authority on district court to confirm award, even in absence of explicit agreement for judicial enforcement of award)).

17. Chapter 2 of the FAA governs the enforcement of arbitral awards rendered pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York Convention) (9 U.S.C. §§ 201–208). To enforce an arbitral award under the New York Convention, the award must arise out of "commercial" relationships, whether contractual or not, and one of the following components must be satisfied: „ At least one party is not a United States citizen (9 U.S.C. § 202). „ All parties are US citizens but the matter "involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states" (9 U.S.C. § 202). The New York Convention generally adopts the provisions of the FAA. To the extent there is a conflict between the New York Convention and the FAA, the New York Convention applies (9 U.S.C. § 208).

18. Chapter 3 of the FAA governs the enforcement of arbitral awards rendered pursuant to the Inter-American Convention on International Commercial Arbitration (Panama Convention) (9

U.S.C. §§ 301–307).  To enforce an arbitral award under the Panama Convention, the award must be rendered in a dispute between citizens of two or more of the 19 signatory South, Central and North American States (9 U.S.C. § 304).  The Panama Convention generally adopts the provisions of the FAA.  If there is a conflict between the Panama Convention and the FAA, the Panama Convention applies (9 U.S.C. § 307).

19. Under the FAA, once notice of a petition for confirmation has been served on the parties, the court in the district where the award was made, or specified in the arbitration agreement as the forum for enforcement, "shall have [personal] jurisdiction [over the parties] as though [the parties] had appeared generally in the proceeding" (9 U.S.C. § 9).

20. Under the FAA, interim and partial awards can also be subject to enforcement pursuant to the parties' agreement or the applicable rules governing the arbitration (see Lagstein v. Certain Underwriters at Lloyd's, London, 607 F.3d 634, 643–44 (9th Cir. 2010)).  In addition, partial or interim awards that finally and completely dispose of separate and independent claims can be enforced under federal law even if separate issues in the arbitration are pending (see Bosack v. Soward, 586 F.3d 1096, 1103–04 (9th Cir. 2009)).

21. The vehicle the Plaintiff purchased was defective upon purchase thereby entitling the Plaintiff to compensation for the same.

22. Arbitration was held on August 17, 2021 which was administered by Mark T. Risner from the California Dispute Settlement Program (Administered by the National Center for Dispute Settlement) and resulted in a finding in favor of the Plaintiff which is the subject of the instant action to confirm this arbitration award.  A copy of the findings of arbitration is attached

herein and referenced as Exhibit A.

23. The Arbitration resulted in a judgment in favor of the Plaintiff that has not been honored by the Defendant which has resulted in the instant action to enforce.

24. The Plaintiff is seeking the appropriate award of damages for the breaches complained of herein as well as compensation for the costs and effort associated with pursuing the instant legal matter.

25. The Plaintiff is also seeking compensation for the willful and intentional delay of the instant matter by the Defendant in complete breach of their obligations to the Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, it is hereby respectfully requested that this Honorable Court enter a judgment in favor of the Plaintiff as to the following

A. COMPENSATORY DAMAGES - for the damages incurred herein in an amount to be determined at trial in an amount not less than $75,000.00

B. PUNITIVE DAMAGES - in an amount to be determined at trial not less than three to ten times the amount of compensatory damages for willful delay of the recovery process C. ANY AND ALL OTHER APPLICABLE RELIEF

Dated: March 7, 2022

Respectfully Submitted,

_____