

Administered by NCDS

**California Dispute Settlement Program**
12400 Coit Road, Suite 1230
Dallas, TX 75251
(800) 777-8119
(972) 807-3907
Fax: (972) 807-9919

August 27, 2021

Eric Malone
66334 5th St
# 109
Desert Hot Springs, CA 92240

Toyota Motor Sales
Toyota Los Angeles Regional Office
2 Banting
Irvine, CA 92618

     RE:    CASE # 1121037

Dear Parties:

By direction of the Arbitrator(s), we are enclosing the Decision in the above referenced case.

Enclosed for the vehicle owner is an "Acceptance of Decision" form. The vehicle owner has thirty (30) days from the date of this letter in which the California Settlement Dispute Program ("CDSP") must receive the "Acceptance of Decision" form.

The form can be faxed to (972) 807-9919, or emailed to info@ncdsusa.org or to the Case Administrator named below. Should you have any questions regarding the "Acceptance of Decision" form, please contact CDSP. Failure to return the form within thirty (30) days from the date of this letter will be considered a rejection of the Arbitrator's Decision and therefore, CDSP will close your case.

Enclosed please find additional information required to be disclosed in accordance with California Code of Regulations, Title 16, Section 3398.12. Finally, you may obtain, at a reasonable cost, copies of all the case records related to this dispute.

                     Sincerely,

                     CDSP

                     Alexis Young
                     Case Administrator
                     ayoung@ncdsusa.org
                     (972) 942-0151

Enclosures: as noted
cc: Mark T. Risner



Administered by NCDS

**California Dispute Settlement Program**
12400 Coit Road, Suite 1230
Dallas, TX 75251
(800) 777-8119
(972) 807-3907
Fax: (972) 807-9919

DATE: August 27, 2021

CUSTOMER: Eric Malone

**CASE #: 1121037**

I understand that I am not bound to the Decision of the Arbitrator(s) in my case unless I accept it.  If I reject the decision, or if I am dissatisfied with the subsequent performance of Toyota Motor Sales, U.S.A., Inc., I may pursue other legal remedies, including the use of small claims court.  Whether or not I accept the Decision, however, the Decision is admissible in any subsequent legal proceeding concerning the dispute.

I also understand that if I accept the Decision, Toyota Motor Sales, U.S.A., Inc. will be legally bound by the Decision.

*You must mark one of the applicable boxes below, otherwise, the California Dispute Settlement Program (CDSP) will consider no response to have been made to the Decision and your case will be closed accordingly.  The selection of replacement of the vehicle or restitution will be deemed consent to this remedy under Section 3397.5 (C) of CCR, Title 16, Division 33.1, California Code of Regulations.*

I ACCEPT THE ARBITRATOR'S DECISION AND I SELECT THE                ( )
FOLLOWING OPTION:

    **Please select one:**
    _____  REPLACEMENT OF MY VEHICLE.
    _____  RESTITUTION (REPURCHASE) OF MY VEHICLE.

I DO NOT ACCEPT THE ARBITRATOR'S DECISION.                                          ( )


SIGNED: _____
DATE:   _____

CALIFORNIA DISPUTE SETTLEMENT PROGRAM

| | |
|---|---|
| In the matter of the Arbitration between<br><br>Eric Malone ("Customer(s)")<br><br>and<br><br>Toyota Motor Sales, U.S.A., Inc. ("Toyota") | **DECISION**<br>**Case #** 1121037 |

I, Mark T. Risner, was appointed pursuant to CDSP rules as Arbitrator to hear and determine disputes, which had arisen between the Customer(s), Eric Malone and Toyota regarding a 2017 Prius.

By a notice given on July 23, 2021, the parties were advised that a hearing would be conducted via TELECONFERENCE on August 17, 2021 at 11:00 AM.

Present on that date were:

| | |
|---|---|
| Eric Malone | Customer (via speakerphone) |
| Donald Radosky | Customer's Witness (via speakerphone) |
| Success Wendell | Manufacturer Representative (via speakerphone) |

The complaint(s) existing between the parties were set forth on a "Customer Claim Form" received by CDSP on July 20, 2021, and were confirmed or modified at the time of the hearing. They may be summarized as follows:

The Customer stated issues with: Electrical / Gauges -- Unable to Transmit, Electrical / Gauges -- Intermittent / Inoperative, Frame -- Rusty, Unable to complete the parts pickup, and vehicle replacement, Has no navigation system, never worked, Missing title, Never Received from the dealership, Missing the Owner's manual, Exhaust -- Noisy, Engine -- Noisy, External Body / Trim / Paint -- Flaking / Peeling / Blistering, Frame -- Broken or Cracked, Satellite Radio / Nav / Communication System -- Noisy / Static / Interference, Suspension -- Misaligned,

Transmission & Drive Shaft -- Vibration, Wheels and Tires -- Excessive Tire Wear, Wheels and Tires -- Air Leak, Emissions -- Foreign Material / Contamination, Drivability -- Poor Idle Quality, Air Conditioning -- Noisy, Engine -- Check Engine Lamp On / Flashing, Internal Body / Trim / Paint / Dashboard -- Water Damage / Mildew, Internal Body / Trim / Paint / Dashboard -- Faded; Does the issue still exist? Yes, Noise / Vibration of Unknown Origin, Satellite Radio / Nav / Communication System -- SRS (Airbags).  The Customer requested a replacement.

**SUMMARY OF PRESENTATION:**

The claim of the Customer is set forth on the "Toyota Motor Sales U.S.A., Inc. Customer Claim Form" filed online and received by CDSP on July 20, 2021. The Customer Claim Form indicated Customer was seeking a replacement. In subsequent correspondence with CDSP, Customer amended his claim to include repurchase as well.

The Manufacturer set forth its position in its Manufacturer's Response Form filed with CDSP August 5, 2021.

THE ISSUE(S) PRESENTED:

Is Customer entitled to Vehicle repurchase or replacement for: Electrical/Gauges - Unable to Transmit, Electrical/Gauges - Intermittent/Inoperative, Frame-Rusty, Unable to complete the parts pickup, and vehicle replacement, has no navigation system, never worked, missing title, never received from the dealership, missing the Owner's manual, Exhaust-Noisy, Engine-Noisy, External Body/Trim/Paint-Flaking/Peeling/Blistering, Frame-Broken or Cracked, Satellite Radio/Nav/Communication System Noisy/ Static/Interference, Suspension-Misaligned, Transmission & Drive Shaft-Vibration, Wheels and Tires/Excessive Tire Wear, Wheels and Tires- Air Leak, Emissions-Foreign Material/ Contamination, Drivability Poor Idle Quality, Air Conditioning- Noisy, Engine-Check Engine Lamp On/Flashing, Internal Body/Trim/Paint/Dashboard-Water Damage/Mildew, Internal Body/Trim/Paint/Dashboard-Faded, Noise/Vibration of Unknown Origin, Satellite Radio/Nav/Communication System-SRS (Airbags)?

PRESENTATION OF THE PARTIES:

The Customer presented, in support of his position, the following evidence: his testimony, witness testimony, miscellaneous emails between Customer and "Toyota Customer Experience/Ask Toyota" – July 2021, customer claim form, Vehicle Service History, Toyota 160-Point Quality Inspection Check Sheet, Due Bill dated July 20, 2020, Email dated 8/17/21 titled, "Customer Presentation", Buyer's Guide, Pre-Contract Disclosure (Retail Installment Contract); Theft Patrol  Retail Installment Sale Contract – Simple Finance Charge, Credit

Card Receipt dated 7/20/2021 – Toyota of the Desert, Credit Card Receipt(s) dated 7/11/2021 – Toyota of the Desert, State of California – Clean Air Vehicle Certificate, Bank America correspondence dated July 24, 2020, executed signature page - Retail Installment Contract, signed signature page - Toyota 160-Point Quality Inspection Check Sheet, unidentified signature page, Bank America – account statement July 9, 2020, Retail Installment Sale Contract – Simple Finance Charge (ARBITRATION PROVISION), Social Security Administration, Benefit Verification Letter dated June 29, 2021, Disability Verification Letter, Repair Estimate dated 08/12/2021, Repair Order No. 749206, Eric Malone – California Driver's License, California Validated Registration Card, and State Farm Insurance Identification Card(s).

Based upon this evidence and argument, the Customer asserted a right to the remedy sought.

The Manufacturer presented the following in support of its position, the following evidence and argument: the testimony of the Manufacturer's Representative and the Manufacturer Response Form.

Based upon this evidence and argument, the Manufacturer asserted:

The vehicle has not been brought into a Toyota dealership to inspect and diagnose any of the concerns listed on the claim form. At this time there are zero repair attempts and zero days down. Toyota will stand behind the warranty to repair demonstrable defects with the vehicle. Claims for motor vehicles where the alleged nonconformity has not been taken to a dealership for inspection and where Toyota has not had the opportunity to diagnose the vehicle are not arbitrable.

Toyota seeks to deny Customer's claim in its entirety.

No inspection or test-drive was conducted since the hearing was held remotely via teleconference.

**DECISION:**

After reviewing the complaint(s) and hearing the proofs and arguments of the parties and taking into consideration the applicable manufacturer's new vehicle warranty, and the applicable warranty law including the applicable State Statute commonly referred to as the "Lemon Law," and after due deliberation, I find and Award as follows:

The Customer's request for vehicle replacement or repurchase is hereby GRANTED.

I have reached this conclusion based on the following analysis:

The decision content mandatory requirements of CCR 3398.5(c), which identifies 18 issues to be determined in the arbitrators' decision, are as follows:

(1) Whether the program has jurisdiction to decide the dispute.
(2) Whether there is a nonconformity (Section 3396.1(l)).

(3) Whether the nonconformity is a substantial nonconformity (Section 3396.1(m)).
(4) The cause or causes of a nonconformity.
(5) Whether the causes of a nonconformity include unreasonable use of the vehicle.
(6) The number of repair attempts.
(7) The time out of service for repair.
(8) Whether the manufacturer has had a reasonable opportunity to repair the vehicle.
(9) Factors that may affect the reasonableness of the number of repair attempts.
(10) Other factors that may affect the consumer's right to a replacement of the vehicle or restitution under Civil Code Section 1793.2(d)(2).
(11) Facts that may give rise to a presumption under Civil Code Section 1793.2(d)(2).
(12) Factors that may rebut any presumption under Civil Code Section 1793.22(b).
(13) Whether a further repair attempt is likely to remedy the nonconformity.
(14) The existence and amount of any incidental damages, including but not limited to sales taxes, license fees, registration fees, other official fees, prepayment penalties, early termination charges, earned finance charges, and repair, towing and rental costs, actually

paid, incurred or to be incurred by the consumer.
(15) Factors that may affect the manufacturer's right to an offset for mileage under Civil Code Section 1793.2(d).

(16) Facts for determining the amount of any offset for mileage under Civil Code Section 1793.2(d) if an offset is appropriate.
(17) Factors that may affect any other remedy under the applicable law.
(18) Any other issue that is relevant to the particular dispute.

See below:

1.) Do nonconformities exist on this vehicle? Careful review of Vehicle's service history reveals it has been presented to the dealer for issues with the "Wheels and Tires/Excessive Tire Wear, Wheels and Tires – Air Leak". All other issues identified on Customer's claim form and supporting documents could not be verified, notwithstanding Customer's testimony/witness testimony. Since a properly functioning vehicle would not demonstrate these problems, the answer is "Yes".

2.) Are the nonconformities covered by the Manufacturer's express warranty? "Yes". In addition to others, Vehicle is covered by a standard 3-year/36,000-mile warranty. Vehicle was first presented for the tire/wheels issue at 6451 miles under warranty (See, Service Hist., R.O. #308612). Vehicle was subsequently presented for the same or similar issue at 13,436 miles (See, Service Hist., R.O. #634362) well within the standard factory warranty timeframe. Careful review of repair orders submitted indicate a "(N/C)", "warranty" or "0.00" designation for these repair attempts thereby evidencing coverage.

3.) Do the nonconformities present substantially impair Vehicle's use, value, or safety? A vehicle's use is substantially impaired if one of its major systems is defective or if the defect prevents it from being used in a normal fashion. A substantial ultimately prevents the vehicle from getting from point A to point B.  In both cases, a tire/wheel nonconformity would satisfy these requirements. Indeed, a vehicle with repeated issues involving the tires/wheels cannot operate in a normal fashion. Customer did not however convincingly demonstrate how these issues placed him in imminent threat of bodily harm during traffic. Finally, Customer failed to present any credible evidence, whatsoever, as to substantial impairment of value. In answer to whether

these nonconformities substantially impair the Vehicle's use, the response would be "Yes".

4.) Has the Manufacturer been allowed a reasonable number or repair attempts? "Yes". The manufacturer is generally allowed four (4) attempts for non-safety issues. In this case, the tire/ wheels issue has been subject to at least four(4) repair attempts for the same or similar issue. See Service Hist., repair orders 0285028, 308612, 620394, 634362, and 064596.

5.) Has the Manufacturer presented any proof of modification, unreasonable use, or failure to maintain? "No". Manufacturer's Representative did not testify as to the existence of any outside influence(s). No other relevant or convincing proof was presented as to how Customer modified, unreasonably used or failed to maintain Vehicle.

6.) Is the Manufacturer entitled to a mileage offset? "Yes." The Manufacturer undertook all repairs in good-faith. Therefore, mileage offset will be applied at the first repair attempt of 70 Miles as follows:

Purchase Price multiplied by 70 miles divided by 120,000.

This constitutes my complete DECISION as to all the complaint(s) submitted to me for Determination. The Manufacturer shall have (30) days, unless otherwise noted, from the date NCDS receives the Customer(s) "Acceptance of Decision" form in which to comply with this decision.

<u>August 27, 2021</u>         _____
    Date                          Mark T. Risner, Esq.

**Case #:  1121037     Eric Malone**

## WHAT YOU NEED TO KNOW ABOUT THE DECISION

**If your award is for a repurchase of your vehicle and the vehicle is not leased Toyota Motor Sales, USA, Inc. ("Toyota Motor Sales") will:**

Refund the amount that you paid, or that is payable by you, for your vehicle as shown on your sale contract.

Refund charges for transportation and manufacturer-installed options, if these charges are not reimbursed as part of the purchase price.

Refund the sales tax, and any luxury tax, you paid unless the state will refund these amounts to you.

Refund the license, title, registration, smog, tire, documentation and other official fees paid at the time of purchase.

Refund any finance and prepayment penalty charges that you have actually paid, incurred or will incur on the loan for this vehicle up to the time of repurchase.

Refund the amount of any premiums actually paid for insurance coverage that was purchased as part of the sale contract and that is unused (to the extent not refunded by the seller or insurer).

Refund the cost of a Toyota Motor Sales service contract if one was purchased.  Non-Toyota Motor Sales service contracts may be refundable by the service contractor.

Refund the cost of Toyota Motor Sales accessories you paid extra to have installed on your vehicle.  (You will be required to provide receipts to establish the value of the accessories).

Deduct any cash rebates you received as an incentive to purchase the vehicle.

Require that you provide a copy of your original purchase contract.

Require that you provide authorization to your lien holder, when needed, to provide the Manufacturer with lien payoff information.

Require that you transfer a clear title (lien free) for your vehicle to the Manufacturer at the time you turn in the vehicle.  However, you will not be required to pay off the initial financial loan prior to the vehicle turn in.

When you turn the vehicle in, require that it is not damaged, other than its nonconformities and/or changes caused by the nonconformities.  You will be financially responsible for said damage.

Require that all original equipment and any accessory for which you are receiving a refund is on the vehicle at the time you turn in your vehicle and will also require you to remove all aftermarket accessories and repair any damage caused by the removal.

Require you to sign a statement to attest to the fact that the vehicle was/was not previously damaged and repaired.

Deduct any offset for use granted by the Arbitrator(s).

Pay all incidental damages granted by the Arbitrator(s) such as reasonable repair, towing and rental car costs.

Case #:  1121037     Eric Malone

## WHAT YOU NEED TO KNOW ABOUT THE DECISION

**If your award is for the replacement of your vehicle and your vehicle is not leased Toyota Motor Sales, U.S.A., Inc. ("Toyota") will:**

Offer you a new replacement vehicle that is substantially identical to your current vehicle.

Pay the cost of all fees and charges (such as sales or use tax, luxury tax, license fees, registration fees, document fees, smog fees, and tire fees, and other official fees) associated with the replacement vehicle.

Provide a Substitution of Collateral (subject to lien holder approval) which will include exchange of title, credit of any finance charges you actually paid up to the time of replacement, credit of any premiums you actually paid for insurance coverage that was purchased as part of the sales contract and that is unused (to the extent not refunded by the seller or insurer) and credit the amount of payments actually paid for a debt cancellation agreement or GAP insurance coverage (to the extent not already credited).  If a Substitution of Collateral cannot be completed, these amounts shall be credited to you.

Refund the amount of any prepayment penalty that you have initially paid, incurred, or will incur on the current loan on the vehicle.

Refund or credit the cost of a Toyota service contract if one was purchased.  Non-Toyota service contracts may be refundable by the service contractor.

Refund or credit the cost of Toyota accessories you paid extra to have installed on your vehicle.  (You will be required to provide receipts to establish the value of accessories.)

You will be required to pay all costs for any requested upgrades, additional accessories or options that were not on the original vehicle, but that are on the replacement vehicle.  However, you will not be required to pay any increase in the cost of a replacement vehicle that is substantially identical to your current vehicle.

Require that you provide a copy of your original sales/purchase contract.

Require that you provide authorization to your lien holder, when needed, to provide the Manufacturer with lien payoff information.

Require that you transfer a clear title (lien free) for your vehicle to the Manufacturer at the time you turn in the vehicle.  However, you will not be required to pay off the initial financial loan prior to the vehicle turn in.

Require that all original equipment be on your vehicle at the time you turn in your vehicle.
When you turn in the vehicle, require that it is not damaged other than its nonconformities and/or changes caused by the nonconformities.  You will be financially responsible for said damage.

Require you to sign a statement to attest to the fact that the vehicle was/was not previously damaged or repaired.

Deduct any offset for use granted by the Arbitrator(s).

Pay all incidental damages granted by the Arbitrator(s) such as reasonable repair, towing and rental car costs.

# **IMPORTANT DISCLOSURES FOR CALIFORNIA CONSUMERS**

Pursuant to the California Code of Regulations §3398.12(a) 5, 7, 9, 10 and 11; §3398.12(b); §3398.12(c); and §3398.12(d) Consumers should be aware of the following:

- If the decision provides for a further repair attempt or any other action by Toyota Motor Sales, U.S.A., Inc., CDSP will ascertain from the Consumer whether performance has occurred.

- The Consumer may obtain a copy of CDSP's written operating procedures upon request and without charge. The consumer may obtain a copy of all oof the arbitration program's recordes relating to the dispute at no cost.

- The Consumer may regain possession, without charge of all documents which the consumer has submitted to CDSP, except where good accounting practice requires that Toyota Motor Sales, U.S.A., Inc., retains original documents upon which disbursements have been made.

- If Toyota Motor Sales, U.S.A., Inc. is required to perform any obligations as part of a settlement, or if Toyota Motor Sales, U.S.A., Inc. is obligated to take any action to implement a decision, CDSP shall ascertain from the consumer, within 10 days after the date set for performance, whether such performance has occurred.

- If the consumer asserts that Toyota Motor Sales, U.S.A., Inc.'s performance of a further repair attempt has not occurred to the consumer's satisfaction, CDSP shall promptly inform the arbitrator who decided the dispute of all of the pertinent facts. In that event, the arbitrator (or a majority of the arbitrators) may decide to reconsider the decision. A decision under this subdivision to reconsider a decision may be made at any time and need not be made at a meeting to decide disputes (Section 3398.7).

- If the arbitrator decides to reconsider the decision, the decision to reconsider shall be deemed to constitute notification of the dispute (Section 3398.4), and the program shall investigate the dispute and in all respects treat it as a new dispute, except that the program shall expedite all phases of the process, and the same arbitrator or arbitrators, if reasonably possible, shall decide the dispute.

- The consumer has 30 calendar days after the arbitration progarm transmits the notification described in Section 3398.9(a) in which to accept the decision. If no acceptance of the decision is made within that period, the consumer's failure to accept the decision will be considered a rejection of the decision and the Manufacturer shall not be bound to perform it.

- If the Consumer has a complaint regarding the operation of CDSP, the Consumer may register a complaint with the California Department of Consumer Affairs, Arbitration Certification Program.

- California Department of Consumer Affairs, Arbitration Certification Program, 1625 North Market Blvd., Suite N112 , Sacramento, CA 95834, (916) 574-7350.

- **POST DECISION SURVEY:** In accordance with the provisions of the California Business

& Professions Code §472.4, the California Department of Consumer Affairs, Arbitration Certification Program (ACP) is required to annually measure Consumer satisfaction with each of the arbitration programs. The ACP will be conducting a post decision survey to obtain your overall arbitration experience, as this will help the ACP to improve the arbitration process. Please notify the ACP of any address or contact information changes.



Administered by NCDS

**California Dispute Settlement Program**
12400 Coit Road, Suite 1230
Dallas, TX 75251
(800) 777-8119
(972) 807-3907
Fax: (972) 807-9919

August 5, 2021

Eric Malone
66334 5th St
# 109
Desert Hot Springs, CA 92240

RE:  CASE # 1121037

Dear Eric Malone:

Please find enclosed the Manufacturer's Response Form from Toyota Motor Sales, USA, Inc. ("TMS") which was received on 08/05/2021, a copy of which has also been forwarded to the Arbitrator(s).  This form represents TMS's position with regard to the above referenced case.  It neither constitutes a final decision, nor does it necessarily reflect specific findings of fact.  Any questions or comments you may have regarding this form should be documented **IN WRITING** mailed to the address above; or faxed to (972) 807-9919; emailed to info@ncdsusa.org, or to the Case Administrator assigned to your case.

CDSP is responsible for monitoring the progress of this case and will be happy to answer any questions you may have about the arbitration process.  You may call CDSP, toll free, at (800) 777-8119 or email the Case Administrator.

Sincerely,

CDSP

Alexis Young
Case Administrator
ayoung@ncdsusa.org
(972) 942-0151

enclosures
cc:  Arbitrator(s)
     Toyota Motor Sales, USA, Inc.

# Toyota Motor Sales, U.S.A., Inc.
# Manufacturer Response Form

| **Customer Name:** Mr. Eric Malone | **Case #:** 2107200016 |
| --- | --- |
|  | **NCDS Case #:** 1121037 |
| **VIN:** JTDKARFP8H3027908 | **Start Date:** 7/20/2021 12:00:00 AM |
| **Vehicle's Year and Model:** 2017 PRIUS PRIME | **MRF Compliance Date:** 7/30/2021 12:00:00 AM |

## Manufacturer Information

| **Region:** Los Angeles | **Servicing Dealer:** Toyota Of The Desert - 04076 |
| --- | --- |

**Can the hearing be held at the servicing dealership?** No

## Manufacturer's Statement

| **Are the customer's concerns covered under Toyota's Warranty?** |
| --- |
| **If no, please explain:** |
| Yes. |
| **Is the customer's vehicle currently unrepaired?** |
| **If yes, please explain:** |
| No. Based on the vehicle's service history, the vehicle has not been taken to a Toyota dealership to inspect for any of the concerns listed on the claim form since the purchase contract date of 7/26/2020 |
| **Does the concern exist?** |
| **Explain:** |
| No. Based on the vehicle's service history, the vehicle has not been taken to a Toyota dealership to inspect for any of the concerns listed on the claim form since the purchase contract date of 7/26/2020 |
| **Is the use, value or safety of this vehicle substantially impaired?** |
| **Explain:** |
| No. It is not believed the use, value, or safety is substantially impaired. |
| **Are the number of repair attempts accurate?** |
| **Explain:** |
| No. Based on the vehicle's service history, there have been 0 repair attempts for the concerns presented in the claim form. |
| **Are the number of days down accurate?** |
| **Explain:** |
| No. Based on the vehicle's service history, there have been 0 days down for the concerns presented in the claim form. |
| **Please provide your position regarding the customer's claim(s).** |
| The vehicle has not been brought into a Toyota dealership to inspect and diagnose any of the concerns listed on the claim form. At this time there are 0 repair attempts and 0 days down. Toyota will stand behind the warranty to repair demonstratable defects with the vehicle. Claims for motor vehicles where |

PROTECTED 関係者外秘

> the alleged nonconformity has not been taken to a dealership for inspection and where Toyota has not had the opportunity to diagnose the vehicle are not arbitrable. Therefore, Toyota respectfully asks that the request for repurchase or replacement be denied.

| | |
|---|---|
| **Toyota will participate via:** teleconference | **Available Dates:** |
| **Return by MRF Compliance Date:** | **Toyota Contact:** |
| **NCDS Fax: (586) 226-2559** | **Contact's Phone:** |