Sean D. Beatty (Bar No. 155328)
*sbeatty@beattymyers.com*
John W. Myers IV (Bar No. 179975)
*jmyers@beattymyers.com*
BEATTY & MYERS, LLP
444 West Ocean Boulevard, Suite 900
Long Beach, California 90802
Telephone: (562) 606-1530
Fax:           (562) 268-1141

Attorneys for defendant Toyota Motor Sales, U.S.A., Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| ERIC MALONE,<br><br>          Plaintiff,<br><br>     vs.<br><br>TOYOTA MOTOR SALES,<br><br>          Defendant. | Case No. 2:22-cv-00929 FMO (PVCx)<br><br>**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S AMENDED NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1) AND 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES** |

TO THE COURT AND TO PLAINTIFF IN PRO PER:

NOTICE IF HEREBY GIVEN that on June 30, 2022 at 10:00 a.m., or as soon thereafter as the matter maybe called by the Court, defendant Toyota Motor Sales, U.S.A., will and hereby does move this Court for an order dismissing plaintiff's complaint pursuant to FRCP 12(b)(1) and 12(b)(6), on the grounds that the Court lack subject matter jurisdiction and the complaint fails to state a claim upon which relief can be granted. Further, to the extent that evidence submitted with this motion is considered by the Court, under FRCP 12(d), it may be considered as a motion for summary judgment under FRCP 56.

TMS2211908\LAW & MOTION\TMS RULE 12 MOTION AMENDED\NMOT01 - 12B6      1

**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S AMENDED NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1) AND 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

1  This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 24, 2022. See Declaration of John W. Myers IV, para. 2.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities and Declaration of John W. Myers IV and exhibits thereto, and upon such argument and further evidence as may be submitted at the hearing.

Dated: June 1, 2022         BEATTY & MYERS, LLP

_____
SEAN D. BEATTY
JOHN W. MYERS IV
Attorneys for defendant Toyota Motor Sales, U.S.A., Inc.

TMS2211908\LAW & MOTION\TMS RULE 12 MOTION AMENDED\NMOT01 - 12B6     2

**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S AMENDED NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1) AND 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Toyota Motor Sales, U.S.A., Inc., submits the following argument and authorities.

## 1. INTRODUCTION AND STATEMENT OF FACTS.

This is an action to enforce an arbitration award that could never and can never be enforced.

The First Amended Complaint (Docket #9, hereinafter "the Complaint"), is rather cryptic but in essence seems to allege that Plaintiff purchased a defective Toyota vehicle, that he participated in an arbitration program with TMS, and that he was awarded a repurchase of replacement of the defective vehicle. Fortunately, Plaintiff attached the arbitration award to the Complaint, which fills in several key pieces of information:

- First, the vehicle at issue is a 2017 Toyota Prius (the Vehicle). Complaint, Exhibit A, Docket #9-1, page 1.
- Second, plaintiff ostensibly purchased the vehicle used, sometime in July 2020. *Id.*, at page 5 (references to Due Bill and Bank of America document dates).
- Third, the arbitration claim was made to the California Dispute Settlement Program ("CDSP"), on or about July 20, 2021. *Id.*, at page 3.
- Fourth, the arbitrator's decision was not binding on Plaintiff, who was not required to accept the award. *Id.*, at page 2. (Indeed, absent from the Complaint is any allegation that plaintiff accepted the award that is attached to the Complaint as Exhibit A.)

TMS2211908\LAW & MOTION\TMS RULE 12 MOTION AMENDED\NMOT01 - 12B6    3

**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S AMENDED NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1) AND 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

In connection with requesting documents necessary to evaluate the arbitration award, TMS learned that plaintiff never in fact purchased the Vehicle, and therefore he had no vehicle in his possession when he made his arbitration claim in July 2021. There was no vehicle for TMS to potentially repurchase or replace.

Plaintiff's attempted purchase of the vehicle is documented in a Retail Installment Sales Contract ("RISC"). The RISC shows that plaintiff bought a used 2017 Toyota Prius from Toyota of the Desert on July 11, 2020. Declaration of John W. Myers IV ("Myers Decl.") para. 2, and Exhibit 1, Retail Installment Sales Contract.

Plaintiff was unable to secure financing for the Vehicle, however, so sale was cancelled (or unwound) on July 26, 2020. After initially reporting the sale to the California Department of Motor Vehicles on July 11, 2020, the dealer gave Plaintiff his down payment back and plaintiff gave the car back to the dealer. This is all confirmed in further documents filed with the California Department of Motor Vehicles, on July 26, 2020. See Myers Decl., para. 3, and Exhibit 2, Documents Submitted to California Department of Motor Vehicles.

After discovering the truth, TMS determined it would be impossible to comply with the arbitration award and it sent a letter to that effect to Plaintiff and CDSP on October 1, 2021. Myers Decl., para. 4, and Exhibit 3, "Impossible to Perform" letter and attachments.

Plaintiff made an arbitration claim for a vehicle he knew he never actually purchased. He concealed this from TMS and the arbitrator. Moreover, none of the service visits upon which the award was based were *Plaintiff's* service visits; rather, they were the *original owner's visits*. The arbitration award references repairs orders for service visits initiated at 6,451 miles and 13,436 miles, and the arbitrator set the "use offset" based on an initial service visit at 70 miles; yet the

TMS2211908\LAW & MOTION\TMS RULE 12 MOTION AMENDED\NMOT01 - 12B6    4

**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S AMENDED NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1) AND 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

Vehicle had over 25,000 miles when Plaintiff bought it in July 2020. Compare Complaint, Exhibit A, Docket 9-1, page 8 (para. 2) and page 9 (para. 6) with Exhibit 1 to this motion, Myers Decl., para. 2.

The bottom line is that Mr. Malone does not have, and never really had, any vehicle to replace or repurchase pursuant to the arbitration award. He cannot give the Vehicle back to TMS in exchange for another one, which is how a replacement works. See Complaint, Exhibit A, Docket 9-1, page 12 (11th and 12th paragraphs regarding surrendering vehicle). There is also no way for TMS to repurchase the vehicle because that also requires Plaintiff to give the car back to TMS. *Id.*, at page 11. There is also no money for TMS to give back to Plaintiff because Plaintiff got his down payment back from the dealer when he cancelled/unwound his purchase of the Vehicle on July 26, 2020. See Exhibit 2 to this motion.

The complaint is also wrong with regards to the "citizenship" of TMS. While TMS has its headquarters in Plano, Texas, it remains a California corporation. Myers Decl., para. 5, and Exhibit 4, printout from California Secretary of State website. So, both plaintiff and TMS are California residents and there is no diversity.

2. **AUTHORITY FOR MOTION.**

FRCP 12(b) provides, in relevant part:

How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

…

(6) failure to state a claim upon which relief can be granted…

A motion asserting any of these defenses must be made before

TMS2211908\LAW & MOTION\TMS RULE 12 MOTION AMENDED\NMOT01 - 12B6

5

pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

3.  **THIS COURT LACKS SUBJECT MATTER JURISDICTION**.

28 U.S.C. section 1332 provides, in relevant part, as follows:

(a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1)  citizens of different States;

…

(c)  For the purposes of this section and section 1441 of this title—

(1)  a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…

Plaintiff alleges that this Court has subject matter jurisdiction based on diversity. He alleges that he has a California address and TMS has a Texas address. However, as noted about, TMS is a California corporation, so there is no diversity. See *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) ("[D]iversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant.").

Plaintiff's invocation of the FAA does not confer federal question jurisdiction, as Plaintiff appears to tacitly concede by invoking this Court's

TMS2211908\LAW & MOTION\TMS RULE 12 MOTION AMENDED\NMOT01 - 12B6    6

diversity jurisdiction. The United States Supreme Court has explained:

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. section 1331 or otherwise.

*Moses H Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32 (1983); *see also Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 882, 884 (9th Cir. 1993) (explaining that the Supreme Court "has unequivocally held that the [Federal Arbitration] Act 'does not create *any* independent federal-question jurisdiction.'") (emphasis in original; quoting *Southland Corp. v. Keating*, 465 U.S. 1, 15 n.9 (1984)).

Because the "FAA is not a jurisdictional grant...federal courts may only hear claims under the Act when there is an independent basis for federal jurisdiction." *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1103 n.4 (9th Cir. 2003).

4. **THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

"Dismissal for failure to state a claim is appropriate if it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Homedics, Inc. v. Valley Forge Ins. Co.,* 315 F.3d 1135, 1138 (9th Cir. 2003), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Halkin v. VeriFone Inc.,* 11 F.3d 865, 868 (9th Cir. 1993).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges

TMS2211908\LAW & MOTION\TMS RULE 12 MOTION AMENDED\NMOT01 - 12B6    7

**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S AMENDED NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1) AND 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id*. (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." *Id*.

Even with the addition of Exhibit A to the complaint, and without considering the additional matters set forth in the exhibits to this motion, the Complaint still fails to allege the arbitration award was accepted by Plaintiff.  The Complaint also fails to allege that plaintiff was willing and able to meet the conditions necessary for *his performance of the conditions set forth in the award itself* -- namely, being able to return the vehicle, with clear title, to TMS.  Based on the evidence attached to this Motion, it is clear why plaintiff did not allege these things:  He cancelled/unwound his "purchase" of the Vehicle over a year earlier and thus had no vehicle to be replaced or repurchased.

Based on all this, it would be futile to allow plaintiff to amend the complaint again.  Further, FRCP 12(d) provides that if matters outside the pleadings are presented to and not excluded by the court on a 12(b)(6) motion, the motion must be treated as one for summary judgment under Rule 56.

TMS2211908\LAW & MOTION\TMS RULE 12 MOTION AMENDED\NMOT01 - 12B6       8

**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S AMENDED NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1) AND 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

## 5. CONCLUSION.

For the foregoing reasons, TMS respectfully requests that its motion be granted.

Dated: June 1, 2022	BEATTY & MYERS, LLP

_____
SEAN D. BEATTY
JOHN W. MYERS IV
Attorneys for defendant Toyota Motor Sales, U.S.A., Inc.

TMS2211908\LAW & MOTION\TMS RULE 12 MOTION AMENDED\NMOT01 - 12B6   9

**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S AMENDED NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1) AND 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**