**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-0929 FMO (PVCx) | Date | December 19, 2022 |
|---|---|---|---|
| Title | Eric Malone v. Toyota Motor Sales | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     (In Chambers) Order Re: Motion to Dismiss [37]

Having reviewed and considered the briefing filed with respect to defendant Toyota Motor Sales' ("defendant" or "Toyota") Motion to Dismiss [] (Dkt. 37, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

Plaintiff filed the instant action seeking to confirm an arbitration award on February 9, 2022. (Dkt. 1, Complaint).  Subject matter jurisdiction in this case is predicated on diversity.  (Id. at ¶ 5). On February 22, 2022, the Magistrate Judge issued an Order to Show Cause [] in which he expressed concern that "Plaintiff has not alleged sufficient facts to establish this Court's jurisdiction[.]"  (Dkt. 8, Order to Show Cause [] ("OSC") at 1-2).  On March 10, 2022, plaintiff filed the operative First Amended Complaint (Dkt. 9, "FAC"), in which he alleged, in relevant part, that he lives in Desert Hot Springs, California, and defendant is located in Plano, Texas.  (See id. at ¶¶ 7-8).

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)[1] for lack of subject matter jurisdiction, the court begins with the principle that "[f]ederal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006).

Because jurisdiction is a preliminary issue, "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction[.]"  Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-31, 127 S.Ct. 1184, 1191 (2007).  The burden of establishing that subject matter jurisdiction exists "rests upon the party asserting jurisdiction[.]" Kokkonen, 511 U.S. at 377, 114 S.Ct. at 1675.

---

[1] All future "Rule" references are to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-0929 FMO (PVCx) | Date | **December 19, 2022** |
|---|---|---|---|
| Title | **Eric Malone v. Toyota Motor Sales** | | |

  Federal subject matter jurisdiction may be established on two grounds: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between [] citizens of different states[, or] citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2). A natural person's state citizenship is "determined by her state of domicile, not her state of residence."[2] Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is considered a citizen of every state where it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 80, 92-93, 130 S.Ct. 1181, 1185, 1192-93 (2010).

  "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

  Here, plaintiff alleges that his address is located in Desert Hot Springs, California, and defendant's headquarters is in Texas. (Dkt. 9, FAC at ¶¶ 7-8). However, Toyota has provided evidence, which is undisputed, establishing that it is incorporated in California. (Dkt. 38-4, Declaration of John Myers ("Myers Decl."), Exh. 4, California Secretary of State Business Search Result). Accordingly, defendant is a citizen of California. See Hertz Corp., 559 U.S. at 80, 130 S.Ct. at 1185. Plaintiff claims that "Defendant's principal place of business being in Texas establishes the requisite diversity jurisdiction[,]" (Dkt. 46, Response in Opposition [to] Motion to Dismiss at ¶18), but he does not provide any evidence rebutting Toyota's claim that it is incorporated in California. (See, generally, id.). Because both parties are citizens of California, the court lacks diversity jurisdiction, and the instant action must be dismissed. See Fed. R. Civ. P. 12(h)(3); see, e.g., Malibu Ent. ALCS, LLC v. Bank of the West, 2021 WL 6618865, *3 (C.D. Cal. 2021) (granting motion to dismiss for lack of subject matter jurisdiction where both plaintiffs and defendants were citizens of California).

  **This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

  Based on the foregoing, IT IS ORDERED THAT:

  1. Defendant's Motion to Dismiss **(Document No. 37)** is **granted**. The above-referenced

---

  [2] "Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode[.]" Weible v. U.S., 244 F.2d 158, 163 (9th Cir. 1957).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-0929 FMO (PVCx) | Date | December 19, 2022 |
|---|---|---|---|
| Title | Eric Malone v. Toyota Motor Sales | | |

action is dismissed without prejudice.

    2.  Judgment shall be entered accordingly.

Initials of Preparer      gga